UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NEW YORK HOTEL TRADES COUNCIL AND
HOTEL ASSOCIATION OF NEW YORK CITY
INC., HEALTH CENTER, INC. and PETER WARD
AND JOSEPH E. SPINNATO as Trustees of THE
NEW YORK HOTEL TRADES COUNCIL AND
HOTEL ASSOCIATION OF NEW YORK CITY
INC. HEALTH BENEFITS FUND,

      Plaintiffs,

v.

CHARLES FERRARA, in his capacity as the
Executor of the Estate of CHARLES J. RAIMONDO,
CHARLES RAIMONDO, JR., JACEY RAIMONDO,
LOUIS MOLIKEN, RAIMONDO CONSTRUCTION,
INC. and JOHN DOES 1-125,

      Defendants.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/06

ECF CASE

05 Civ. 06843 (RJH)

**FINAL DEFAULT JUDGMENT**



This action having been commenced on August 1, 2005 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on (I) defendant Charles Ferrara, in his capacity as the Executor of the Estate of Charles J. Raimondo ("Ferrara"), on August 13, 2005, by leaving a copy of the Summons and Complaint at Mr. Ferrara's dwelling with a person of suitable age and discretion then residing therein, who indicated that her name is Chris Ferrara and that she is Mr. Ferrara's spouse, and (ii) defendant Raimondo Construction, Inc. ("RCI"), on August 15, 2005, by personal service on RCI's registered agent, Corporation Service Company, 80 State Street, Albany, New York, by personally delivering and leaving a copy of the Summons and Complaint with Gladys Ryan, who stated that she holds the position of Service of Process Representative with that company and is authorized by appointment to receive service at that address, and proof of service upon Ferrara

and RCI having been filed on September 9, 2005 and defendants Ferrara and RCI not having answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED:

1. That the plaintiffs have judgment against defendants Ferrara and RCI, jointly and severally, in the liquidated amount of $9,520,287 with interest at 9% from April 15, 2004 through March 7, 2006, amounting to $1,622,100, plus costs and disbursements of this action in the amount of $470 amounting in all to $11,142,857.

2. That the liability of defendants Ferrara and RCI are not dependent on any facts that must be proved in Plaintiffs' remaining claims against the non-defaulting defendants in this action, and that the claims against Ferrara and RCI are therefore separable.

3. That Plaintiffs' claims against Ferrara and RCI have been liquidated since at least April 15, 2004, yet the continuing action against the non-settling defendants is not likely to be resolved for some substantial time. Additionally, Plaintiffs submitted unrefuted testimony of various facts indicating that RCI may be experiencing solvency problems and evidence that the estate controlled by Ferrara claims to be insolvent. Consequently, any delay in allowing Plaintiffs to enforce this judgment against Ferrara and RCI may frustrate such enforcement. For these reasons, the Court finds that entry of final judgment against defendants Ferrara and RCI will remedy a hardship to Plaintiffs that would be caused by delaying final judgment until the claims are finally adjudicated against the non-defaulting defendants.

4. There being no just reason for delay, this Court hereby directs the Clerk to enter this default judgment as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: New York, New York
March ___, 2006
August 22, 2006

_____
Honorable Richard J. Holwell
United States District Judge

This document was entered on the docket
on _____ .